# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KRISTIN TRUEMAN,<br><br>         Plaintiff(s),<br><br>vs.<br><br>LAS VEGAS METRO POLICE<br>DEPARTMENT, et al.,<br><br>         Defendant(s). | Case No. 2:15-cv-01872-RFB-NJK<br><br>ORDER GRANTING MOTION TO<br>SERVE BY PUBLICATION<br>(Docket No. 12) |

Pending before the Court is Plaintiff's motion for an extension of time to serve Defendant John Bonaventura and for leave to serve him by publication. Docket No. 12. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to serve by publication is hereby **GRANTED** and the motion to extend is hereby **GRANTED**.

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating she diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Plaintiff has diligently attempted to locate Defendant Bonaventura to enable service. *See*, *e.g.*, Docket No. 12 at 5 (affidavit detailing service attempts). Plaintiff has attempted to serve Defendant Bonaventura eight times. Each time, various indicia suggested someone was present at Defendant's residence; however, no one answered the door. The Court will therefore permit Plaintiff to serve Defendant Bonaventura by publication. Because service by publication takes several weeks, the Court will also extend the service deadline.

Accordingly, the Court **GRANTS** the motion for service by publication. The deadline to serve Defendant Bonaventura by publication is extended to January 30, 2016. Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

    (a)    Serve Defendant Bonaventura by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

    (c)    After publication is complete, Plaintiff shall file an Affidavit of Publication from the Nevada newspaper.

For the reasons discussed above, the pending motion for service by publication is hereby **GRANTED** and the accompanying request for an extension of the Rule 4(m) deadline is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: December 4, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge