# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KRISTIN M. TRUEMAN,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al*.

Defendants.

Case No. 2:15-cv-01872-RFB-NJK

ORDER

Motions to Dismiss [ECF Nos. 25 and 34]

## I. INTRODUCTION

Before the Court are Defendant Ethan Tseu's Motion to Dismiss [ ECF No. 25], and Defendants Las Vegas Metropolitan Police Department (LVMPD) and former Sheriff Douglas Gillespie's Motion to Dismiss [ECF No. 34]. The motions are granted for the reasons stated below.

## II. BACKGROUND

### a. Procedural Background

Plaintiff Kristin Trueman filed her Complaint on September 29, 2015. [ECF No. 1]. Defendants filed a Motion to Dismiss on November 4, 2015. [ECF No. 6]. Plaintiff filed an Amended Complaint on March 31, 2016. [ECF No. 19]. The Amended Complaint names Defendants LVMPD, Douglas Gillespie (former Sheriff of LVMPD), John Bonaventura (in his individual and official capacity as former Constable of Las Vegas Township), and Defendants Louis Toomin, Ethan Tseu, and Keith Gordon. The Court entered a Scheduling Order on June 8, 2016, with discovery due by November 21, 2016, and motions due December 20, 2016. [ECF No. 23]. Defendant Ethan Tseu filed a Motion to Dismiss on June 10, 2016. [ECF No. 25]. Defendants

Douglas Gillespie and LVMPD filed a Motion to Dismiss on August 11, 2016. [ECF No. 34]. The Court held a hearing on the motions on January 4, 2017.

At the hearing, the Court granted Plaintiff's oral motion to dismiss Defendants Ethan Tseu, Keith Gordon, and John Bonaventura from the case; therefore, Defendant Tseu's Motion to Dismiss is GRANTED. [ECF No. 25]. Furthermore, Plaintiff did not oppose the Motion to Dismiss Sheriff Gillespie, in his official capacity, from the lawsuit. Therefore, Motion to Dismiss [ECF No. 34] is GRANTED as to Sheriff Gillespie. Finally, according to the Joint Interim Status Report filed on September 26, 2016, Defendant Louis Toomins is to be dismissed voluntarily from the case. [ECF No. 37]. The Court therefore dismisses Defendant Toomins from the case.

Trueman's Amended Complaint asserts the following causes of action against Defendants: wrongful eviction, Fourth and Fourteenth Amendment Claims under 42 U.S.C. 1983, Conversion, Negligent Infliction of Emotional Distress (NIED), Intentional Infliction of Emotional Distress (IIED), and Negligence.

### b. Factual Allegations

Plaintiff's Amended Complaint alleges the following facts: On November 1, 2013, nonparty Dr. Randy Le entered into a one-year residential lease agreement with both Trueman and her fiancé. On August 7, 2014, Homewood Asset Management, LLC served a five-day notice to pay or quit upon Trueman at the property. The five-day notice was addressed to Trueman and her fiancé. On August 20, 2014, Trueman commenced a bankruptcy proceeding triggering an automatic stay of the foreclosure. On August 25, 2014, Homewood commenced an eviction proceeding against Trueman and her fiancé in the Justice Court ("First Eviction Action"). On August 27, 2014, the Justice Court entered a summary eviction order against Ms. Trueman's fiancé. The order stated that it would expire 30 days after being signed by the Court, and that if it was not enforced within that time period, a new Eviction Order must be obtained before the tenant could be locked out.

On September 2, 2014, a notice of pending bankruptcy was filed by Trueman in the First Eviction Action. After the Justice Court entered an order for summary eviction in the First Eviction Action, on or about September 2, 2014, Constable officers visited the property in an attempt to

have Trueman and her family removed from the premises. Trueman's fiancé advised the representative that Trueman had filed for bankruptcy, and a constable arrived shortly thereafter. After the constable verified that Trueman had filed for bankruptcy protection, the constable departed.

Sometime after this attempt, Dr. Le retained an attorney to obtain relief from the bankruptcy stay on the order of eviction. On October 23, 2014, Dr. Le commenced another eviction proceeding against Trueman in the Justice Court ("Second Eviction Action"). On October 28, 2014, the Justice Court in the Second Eviction Action denied Dr. Le's request for summary eviction of Trueman from the property.

On the morning of November 4, 2014, Doe Constable Officers, including Defendants Toomins, Gordon, and Tseu, and Doe LVMPD Officers, caused Trueman to be evicted from the property, along with the other occupants of the residence, including Trueman's three-month-old and three-year-old children, her fiancé, her future mother in law, and other family members. As of November 4, 2014, no order had been obtained from the Justice Court authorizing the eviction.

When Trueman's fiancé confronted Doe Constable Officers with the fact that they had no order from the Justice Court, the officers called Doe LVMPD Officers to the property to remove Trueman and her family under threat of physical force. Despite the absence of a valid eviction order from the Justice Court, Defendants carried out an eviction of Trueman and lockout from the premises on November 4, 2014. As a result of the eviction, Trueman suffered extreme mental and physical suffering, detriments to her health and physical condition, lost property and perishables, and access to her personal property.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a

plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**IV. DISCUSSION**

The LVMPD argues that Plaintiff's Complaint does not contain any reference to an LVMPD policy or custom underlying any of the events surrounding her eviction. To impose municipal liability pursuant to Section 1983, a Plaintiff must show: (1) that the Plaintiff possessed a constitutional right which was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the Plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. Plumeau v. School Dist., 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has raised no specific factual allegations relating to the LVMPD, aside from the presence of "Doe LVMPD Officers" during her eviction, who allegedly threatened her with the use of physical force if she refused to evict. Plaintiff does not provide any details or facts as to the eviction process or to the alleged threats. Furthermore, Plaintiff has not alleged a

general policy, or any other instances, where LVMPD officers evicted individuals from their property without a valid legal basis. "[L]iability for an improper custom may not be predicated on isolated or sporadic incidents [and] must be found on practices of sufficient duration, frequency, and consistency that the conduct has become the traditional method of carrying out policy." <u>LAPD v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1990).

As Plaintiff has not raised facts sufficient to support a cause of action for a policy or practice under Section 1983, her claims against Defendant LVMPD are dismissed for failure to state a claim, under FRCP 8(a)(2) and 12(b)(6). Plaintiff's remaining state law claims were all raised to this Court under supplemental jurisdiction, as related to her Section 1983 Constitutional claims. Therefore, in light of dismissal of the Constitutional claims, the Court dismisses all the state law claims for lack of subject matter jurisdiction, as against the LVMPD.

### V. CONCLUSION

IT IS ORDERED that Defendant Ethan Tseu's Motion to Dismiss is GRANTED with prejudice. [ECF No. 25].

IT IS FURTHER ORDERED that Defendant LVMPD and Defendant Douglas Gillespie's Motion to Dismiss is GRANTED with prejudice. [ECF No. 34].

IT IS FURTHER ORDERED that Plaintiff's oral motion, at the Court's hearing on January 4, 2017, dismissed Defendants Ethan Tseu, Keith Gordon, and John Bonaventura from the case.

IT IS FURTHER ORDERED that Defendant Louis Toomins is dismissed from the case, pursuant to the Joint Interim Status Report filed on September 26, 2016. [ECF No. 37].

The Clerk of the Court is instructed to close this case.

DATED this <u>10th</u> day of October, 2017.

_____
RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE